**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| United States of America for the Use of Residential Construction LLC, | ) ) ) | Civil Action No.: 2:16-cv-1927-CWH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Aspen Construction Company, and North American Specialty Insurance Company, | ) ) ) | **COMPLAINT** (Jury Trial Demanded) |
| Defendants. | ) ) ) | |

Plaintiff, Residential Construction, LLC ("Rescon") complaining of the Defendants above named, would respectfully show:

### GENERAL FACTUAL AND JURISDICTIONAL ALLEGATIONS

1. Rescon, the use Plaintiff herein, is a corporation organized and existing under the laws of South Carolina, with its principal office located in Summerville, South Carolina. At all times relevant hereto, Rescon was in the business of providing services and materials as an earthwork and civil site work contractor.

2. Upon information and belief, Defendant Aspen Construction Company ("Aspen") is a foreign corporation organized and existing under the laws of Minnesota. At all times relevant hereto, Aspen was doing business under the laws of the State of South Carolina providing services as a general contractor.

3. Upon information and belief, Defendant North American Specialty Insurance Company ("NASIC") is a foreign corporation organized and existing under the laws of a state other than the State of South Carolina. At all times relevant hereto, NASIC was doing business

as a fidelity and surety company under the laws of the State of South Carolina and acting as a licensed surety for its principal, Aspen.

4. This action arises and this Court has jurisdiction over this action pursuant to the Miller Act, 40 U.S.C. §§ 270(a) through 270(d).

5. Venue is proper in this Court in that the subject project is located in Charleston, South Carolina.

6. Upon information and belief on or about September 25, 2014, Aspen entered in to a contract (the "Prime Contract") with the United States government[1] ("Owner"), pursuant to which Aspen was to furnish all tools, labor, materials, equipment, supplies and supervision as well as verify all measurements necessary for repair of culverts at the Joint Base Naval Weapons Station, Gates 65 and 53, in Goose Creek, South Carolina, Contract number FA4418-14-C-0015.

7. Upon information and belief, pursuant to the terms of the Prime Contract, Aspen, as principal, and NASIC, as surety, executed and delivered to the Owner a payment bond conditioned, as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract.

8. Subsequently, Aspen, as prime contractor and Rescon, as subcontractor, entered into a subcontract (the "Subcontract"), pursuant to which Rescon was to provide certain labor and piping materials in addition to clearing, grubbing, and excavation work for use in the repair of one culvert at the Joint Base Naval Weapons Station, Gate 65, in Goose Creek, South Carolina (the "Project").

9. The original Subcontract sum was One Hundred Sixty Thousand ($160,000.00) Dollars, but was negotiated down to One Hundred Thirty Five Thousand ($135,000.00) Dollars,

---

[1] United States Air Force, 628 Contracting Squadron

for valuable consideration and promises from Aspen to Rescon that Aspen would furnish items listed on the contract and that the job would take no longer than 30 days to complete.

10. Rescon reasonably relied on the contract documents (including the project schedule) in estimating the cost of the Project, preparing and submitting its bid to Aspen, ordering materials, and scheduling manpower and equipment for work on the project.

11. Aspen was responsible for scheduling and coordinating the work of its subcontractors on the Project, including Rescon, so that the work would not be delayed, could be performed in an orderly and efficient manner and completed in accordance with the contract documents. Aspen impliedly warranted to Rescon that it would perform its obligations in good faith, the plans and specifications were adequate, and Rescon would have reasonable access to the work.

12. During the course of construction, Aspen changed project managers several times, and deviated from the construction timeline and drawings on several occasions causing substantial delays and disruptions. These delays and disruptions caused Rescon to incur costs that were not contemplated in the Subcontract and constructively changed the Subcontract.

13. Aspen failed to properly scheduled and coordinate the work and the work of its subcontractors on the Project, including Rescon, in material breach of the Subcontract and in breach of its implied obligations of good faith and fair dealing. Due to Aspen's failure to properly schedule, coordinate, and provide access to the work, Rescon was delayed in the performance of its work, incurred material price increases, was forced to perform work in an unorderly and inefficient manner, and was prevented from completing its work in accordance with the project schedule.

14. During the course of construction, Rescon was forced to incur substantial additional, extra-contractual costs as a result of change directives, conflicts in plans and specifications, wrongful rejections of work performed and completed in accordance with the contract documents, and unreasonable inspections and directives from Aspen, the Owner, and their agents and/or authorized representatives. These additional costs include but are not limited to: additional and unanticipated work associated with infill material testing; exploratory digging; design, installation, and removal of an erosion and breach control system; duplicative and unnecessary work outside the scope of the construction documents; preparation of new estimates and plans; acquisition of additional permits; cleanup, material and equipment storage; labor and overhead, among other things.

15. Despite delays to the Project, through no fault of Rescon's, that pushed substantial completion beyond the original substantial completion date, and despite repeated wrongful and unsubstantiated rejections of Rescon's scope of work, Rescon continued to comply with the directives of Aspen and the Owner throughout the course of its work on the Project.

16. Rescon completed its scope of work under the Subcontract as well as certain extra contractual work as directed by Aspen, the Owner, and their agents and/or authorized representatives.

17. Despite Rescon's repeated notifications and substantiations of its delays and extra contractual work, Aspen refused to compensate Rescon for the additional and changed work and wrongfully withheld payment from Rescon on the Subcontract. To date, Rescon has not been paid.

18. Despite repeated demands by Rescon, Aspen has wrongfully failed and refused to pay Rescon the balance of the Subcontract that is properly due and owing.

19. Despite repeated demands by Rescon, Aspen has wrongfully failed and refused to pay Rescon the cost for performing the extra work that is properly due and owing.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ASPEN
### (Breach of Contract)

20. Rescon incorporates the foregoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

21. Pursuant to its Subcontract with Aspen, Rescon substantially performed all of its contractual obligations in accordance with the provisions of the Subcontract.

22. Aspen owed a duty to Rescon of good faith and fair dealing to cooperate with Rescon and refrain from delaying, impeding, interfering, or wrongfully rejecting Rescon's work on the Project. Aspen impliedly warranted the project schedule and plans and specifications to Aspen. Aspen warranted to Rescon that it would have access to the work and promised to pay Rescon for the work performed by Rescon under the Subcontract including changes, delays, and disruptions to the work.

23. Aspen breached its contractual duties to Rescon and acted in bad faith by, *inter alia*, (1) failing to properly coordinate and schedule the work on the Project; (2) grossly mismanaging the Project to Rescon's detriment; (3) intentionally, negligently and actively interfering with the orderly progress of Rescon's work; (4) restricting and preventing Rescon's access to designated work areas; (5) failing to schedule and coordinate the work on the Project in a reasonable manner and constructively changing the Subcontract; (6) wrongfully failing and refusing to pay subcontract balance and legitimate claims for extra-contractual work; (7) conducting and condoning improper and unreasonable inspections; (8) wrongful and unreasonable interpretation of contract plans and specifications that resulted in additional costs to Resoon; (9) dictating or otherwise interfering with the means and methods of construction

which were to be exclusively within the control of Rescon; and (10) breaching its implied covenants of good faith and fair dealing implied in all contracts.

24. As a direct result of the above-described breaches of the Subcontract by Aspen, Rescon has been damaged and is entitled to recover in excess of One Hundred Thirty Thousand ($130,000.00) Dollars, the specific amount to be proven at any trial held in connection with this matter, plus interest thereon at the highest rate allowed by law from the date of breach until paid, court costs, and attorney's fees.

## FOR A SECOND CAUSE OF ACTION AGASINST DEFENDANT ASPEN
**(Quantum Meruit)**

25. Rescon incorporates the foregoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

26. At the specific instance and request of Aspen, the Owner and/or their agents and authorized representatives, Rescon provided certain labor and piping materials in addition to clearing, grubbing, and excavation for performance of its scope of work set forth in the Subcontract, as well as extra contractual work on the Project.

27. Aspen received the benefit of the labor and piping materials in addition to clearing, grubbing, and excavation provided, for which Aspen has refused to pay Rescon.

28. It would be inequitable for Aspen to accept, use and enjoy the benefits of Rescon's labor and piping materials and clearing, grubbing, and excavation work provided without paying the reasonable value thereof, which is in excess of One Hundred Thirty-Five Thousand ($135,000.00) Dollars.

29. Rescon is entitled to judgment against Aspen for the reasonable value of the work performed under the equitable doctrine of quantum meruit in an amount in excess of One Hundred Thirty Thousand ($130,000.00) Dollars, the specific amount to be proven at any trial

held in connection with this matter, plus interest thereon at the highest rate allowed by law from the date of breach until paid, court costs, and attorney's fees.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT NASIC
### (Labor and Material Payment Bond)

30.     Rescon incorporates the foregoing allegations herein to the extent required by, but not inconsistent with, the following allegations.

31.     Aspen, as general contractor, and NASIC, as surety, executed a labor and material payment bond (the "Bond") in the amount of Two Hundred Fifty Five Thousand ($255,000.00) Dollars, thereby guaranteeing the payment of all lawful claims of suppliers of labor, materials and/or equipment to Aspen in connection with its performance on the Project. On September 29, 2014, NASIC issued the above referenced bond on behalf of its principal, Aspen.

32.     The labor, materials and equipment provided by Rescon was covered by and falls within the meaning of the terms of the Bond.

33.     Rescon is an intended beneficiary and proper claimant under the Bond.

34.     Aspen has failed to pay Rescon despite Rescon's demands for payment.

35.     NASIC has also failed to make prompt payment to Rescon in violation of the payment obligations of the Bond.

36.     Rescon has been damaged by Aspen's breach of the Subcontract including without limitation, Aspen's failure to pay the Subcontract balance due and owing and failure to pay for the extra costs incurred on the Project.

37.     Rescon fulfilled all conditions of the Bond necessary for Rescon to recover under the same.  Under the terms and conditions of the Bond, Aspen's failure to pay Rescon renders NASIC liable on the bond.

38.     By reasons foregoing, Rescon is entitled to recover from NASIC damages in excess of One Hundred Thirty Thousand ($130,000.00) Dollars, the specific amount to be proven at any trial held in connection with this matter, plus interest thereon at the highest rate allowed by law from the date of breach until paid, court costs, and attorney's fees.

WHEREFORE, Rescon prays unto this honorable Court as follows:

A.  As to the First Cause of Action, for judgment against the Defendant Aspen for an amount in excess of One Hundred Thirty-Five Thousand ($135,000.00) Dollars, with such amount to be proven with more specificity at any trial of this matter; together with interest thereon at the highest rate allowed by law;

B.  As to the Second Cause of Action, for judgment against the Defendant Aspen for an amount in excess of One Hundred Thirty-Five Thousand ($135,000.00) Dollars, with such amount to be proven with more specificity at any trial of this matter; together with interest thereon at the highest rate allowed by law;

C.  As to the Third Cause of Action, for judgment against the Defendant NASIC for an amount in excess of One Hundred Thirty-Five Thousand ($135,000.00) Dollars, with such amount to be proven with more specificity at any trial of this matter; together with interest thereon at the highest rate allowed by law;

D.  That Rescon be awarded its costs incurred in this action including attorney's fees; and

E.  For such other and further relief as this Court may deem just and proper.

**BRUNER, POWELL, WALL & MULLINS, LLC**

/s/  Bryan M. J. Triplett
E. Wade Mullins, III (Fed. ID No. 6259)
Bryan M. J. Triplett (Fed. ID No. 12244)
Post Office Box 61110
1735 St. Julian Place, Suite 200
Columbia, South Carolina 29260
(803) 252-7693 (office)
(803) 254-5719 (fax)
wmullins@brunerpowell.com
btriplett@brunerpowell.com
*Attorneys for the Plaintiff*
*Residential Construction, LLC*

Columbia, South Carolina
June 14, 2016